IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ARNOLD RAOUL BUSKEY, ) | CIVIL NO. 19-00442 DKW-WRP |
| ) | |
| Plaintiff, ) | FINDINGS AND |
| ) | RECOMMENDATION TO |
| vs. ) | DISMISS THIS ACTION |
| ) | WITHOUT PREJUDICE |
| OFFICE CHING, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

FINDINGS AND RECOMMENDATION TO
DISMISS THIS ACTION WITHOUT PREJUDICE [1]

On February 6, 2020, at 10:00 a.m., a hearing was held on this Court's January 7, 2020 Order to Show Cause, which directed Plaintiff, pro se, to appear and to show cause why this case should not be dismissed for his failure to appear at the Rule 16 Scheduling Conference on January 7, 2020 and his failure to comply with the Local Rules of Practice of the United States District Court for the District of Hawaii. At the hearing, John M. Cregor, Jr., Esq. appeared on behalf of Defendant. Plaintiff did not appear at the hearing or otherwise respond to the

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

Court's Order.

As discussed below, the Court FINDS and RECOMMENDS that this action be dismissed without prejudice.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). Rule 41(b) grants courts the authority to sua sponte dismiss actions for failure to prosecute or for failure to comply with court orders. See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984); Kriege v. State of Haw. Consumer Prot. Div., 2017 WL 2703771, at *2 (D. Haw. 2017), *adopted by*, 2017 WL 2695286 (D. Haw. 2017).

The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Here, dismissal is appropriate given Plaintiff's failure to appear at the Show Cause hearing, failure to attend the Rule 16 Scheduling Conference, and

failure to comply with the Local Rules requiring submission of scheduling statements and notices of any changes of address. Notice of the Rule 16 Scheduling Conference and a copy of the Court's Order to Show Cause were mailed to Plaintiff at the address provided by Plaintiff but were returned to the Court as undeliverable. See ECF Nos. 9, 12, 13, 17. Local Rule 83.1(e) requires self-represented litigants to file a Notice of Change of Address with the Court and provides that failure to comply with this Rule may result in sanctions including dismissal of the case. See LR83.1(e). Defendant stated in their Scheduling Conference Statement that mail addressed to Plaintiff has also been returned to Defendant. See ECF No. 14 at 3.

First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending for six months and neither the Court nor Defendant has been able to reach Plaintiff at the address that Plaintiff provided. Second, the court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's failure to appear and failure to comply with the Local Rules has interfered with the Court's ability to manage its docket. Plaintiff failed to appear at the Rule 16 Scheduling Conference, failed to appear at the show cause hearing, and has taken no action to advance this case. Third, the risk of prejudice to Defendant weighs in favor of dismissal. Plaintiff's inaction has impaired Defendant's ability to proceed to trial and threatens to interfere with the

resolution of this case.  See Pagtalunan, 291 F.3d at 642 (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)).  Fourth, less drastic sanctions are not appropriate given Plaintiff's failure to appear before the Court.  It would be futile to recommend a lesser sanction because it would not compel Plaintiff to take the necessary steps to comply with the Court's prior orders or prosecute this action.  Accordingly, this factor too supports dismissal.  Finally, although public policy generally favors disposition on the merits, because four of the factors weigh in favor of dismissal, and under the particular facts of this case, the Court concludes that dismissal is appropriate.

However, the Court finds that Plaintiff's failures do not provide sufficient grounds to support dismissal with prejudice.  Although the factors weigh in favor of dismissal, they do not weigh "strongly" in favor of dismissal.  See In re Lagmay, 2015 WL 5970667, at *2 (D. Haw. 2015), *aff'd sub nom.*, 2016 WL 7407294 (9th Cir. 2016) (concluding that dismissal with prejudice is appropriate when at least three of the factors weighed "strongly" in support of dismissal).  Accordingly, although the Court FINDS that dismissal is appropriate, this Court RECOMMENDS that the district court dismiss this action without prejudice.

## CONCLUSION

The Court FINDS AND RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil

Procedure 41(b).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 6, 2020.



Wes Reber Porter
United States Magistrate Judge

**BUSKEY v. CHING, ET AL.; CIVIL NO. 19-00442 DKW-WRP; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE**